## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**SETH MICHAEL OLSON,**

        **Plaintiff,**　　　　　　　　　　**Civil Action No. 17-cv-13441**

        **v.**　　　　　　　　　　　　　　**District Judge Paul D. Borman**

**COMMISSIONER OF**　　　　　　　**Magistrate Judge Mona K. Majzoub**
**SOCIAL SECURITY,**

        **Defendant.**

_____/

### REPORT AND RECOMMENDATION

Plaintiff Seth Michael Olson seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that he is not entitled to benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 13) and Defendant's Motion for Summary Judgment (docket no. 15). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 4.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.**　　**RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 13) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 15) be **GRANTED**, and that the case be dismissed in its entirety.

## II.     PROCEDURAL HISTORY

On May 9, 2016, Plaintiff applied for Disability Insurance Benefits ("DIB"), alleging that he has been disabled since September 15, 2015. (TR 15.) The Social Security Administration initially denied Plaintiff's claims on November 15, 2016. (*Id.*) On June 21, 2017 Plaintiff appeared with a representative and testified at a hearing before Administrative Law Judge ("ALJ") Michelle Whetsel. (TR 34-72.) On July 12, 2017, the ALJ issued an unfavorable decision on Plaintiff's claims. (TR 15-29.) Plaintiff requested review of the ALJ's decision by the Appeals Council, which was denied on August 24, 2017. (TR 1-3.) On October 23, 2017, Plaintiff commenced this action for judicial review. (Docket no. 1.) The parties filed cross motions for summary judgment, which are currently before the Court. (Docket no. 13; docket no. 15.)

## III.    HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of his medical issues. (Docket no. 13, pp. 8-18.) In addition, the ALJ summarized Plaintiff's medical record (TR 18-27), and Defendant adopted the ALJ's recitation of the facts (docket no. 15, p. 6). Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2020 and that Plaintiff did not engage in substantial gainful activity since September 15, 2015, the alleged onset date. (TR 17.) In addition, the ALJ found

that Plaintiff had the following severe impairments: "degenerative disc disease, degenerative joint disease, depression and anxiety." (TR 18.) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id*.) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b), but with the following non-exertional limitations:

- Plaintiff is unable to climb ladders, ropes or scaffolds and may occasionally climb ramps and stairs;
- Plaintiff can occasionally balance, stoop, kneel, crouch, and crawl and can occasionally operate foot controls bilaterally;
- Plaintiff is able to remember and follow simple but not detailed instructions, can perform the tasks assigned, but not always at production rate pace; however, he can meet end of workday goals; and
- Plaintiff is able to tolerate occasional contact with co-workers, supervisors and the general public and can occasionally adapt to rapid changes in the workplace.

(TR 20-21.) On the basis of this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that a person with Plaintiff's RFC could perform the requirements of Plaintiff's past relevant work as a sales attendant. (TR 27.) Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since the alleged onset date. (TR 28.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d

525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

    **B.**    **Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

    (1)    Plaintiff was not presently engaged in substantial gainful employment; and

4

>    (2)   Plaintiff suffered from a severe impairment; and
>
>    (3)   the impairment met or was medically equal to a "listed impairment;" or
>
>    (4)   Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C.   Analysis

Plaintiff asserts that the ALJ committed three errors. (Docket no. 13, p. 7.) First, Plaintiff contends that the ALJ failed to properly evaluate the determination of the Veteran's Administration ("VA") that he was 80% disabled. Second, Plaintiff alleges that the ALJ improperly evaluated the opinions of Plaintiff's physicians and other non-medical sources. Third, Plaintiff submits that the ALJ failed to evaluate whether Plaintiff had post-traumatic stress disorder that met or medically equaled Listing 12.15. The undersigned will address these arguments in turn below.

### *1. VA Determination*

Plaintiff contends that the ALJ erred by giving only "little weight" to the VA's determination that he was 80% disabled.  (Docket no. 13, p. 21.)

Evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.  *Titles II & XVI: Considering Opinions & Other Evidence from Sources Who Are Not "Acceptable Med. Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental & Nongovernmental Agencies*, SSR 06-03p (S.S.A. Aug. 9, 2006).  Such decisions, and the evidence offered in support, "may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by these agencies based on their rules."  *Id.*  The ALJ "should explain the consideration given to these decisions in the notice of decision."  *Id.*  However, "the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner," and the fact that other agencies may apply different rules and standards "may limit the relevance of a determination of disability made by another agency."  *Id.*; 20 CFR 404.1504.

In her decision, the ALJ observed that Plaintiff "was given a 40% disability rating by the VA," but gave that assessment little weight because "VA benefits are based upon a different standard than are disability benefits."  (TR 25.)  Plaintiff objects to this analysis, emphasizing that in subsequent evaluations the VA determined that he was 70% and ultimately 80% disabled.  (Docket no. 13, p. 21.)  However, regardless of the particular percentage of disability, the VA determinations are not accompanied by reasoned explanations analyzing Plaintiff's functional capabilities.  (TR 1044, 1117; docket no. 13-1.)  Moreover, although the ALJ declined to expressly analyze these subsequent determinations in her decision, she considered them during the hearing.

6

(TR 42, 72.)  Accordingly, despite her reference to the outdated 40% figure, the ALJ reasonably concluded that the VA's disability determinations were based on different standards and entitled to only little weight.

### 2. *Opinion Evidence*

Next, Plaintiff asserts that the ALJ failed to properly analyze opinion evidence regarding the severity of his mental impairments.  (Docket no. 13, p. 24.)

In particular, Plaintiff cites the opinion of his therapist, Todd Day, MA, LLPC, who determined that Plaintiff was "unable to maintain his employment do [*sic*] to his [post-traumatic stress] disorder."  (TR 1137.)  The ALJ gave little weight to Mr. Day's opinion because it was not supported by the record and because Mr. Day was "not an acceptable medical source within the regulatory definition."  (TR 26.)  Plaintiff does not dispute the ALJ's determination that Mr. Day is not an "acceptable medical source," but nevertheless contends that Mr. Day's opinion "should not be summarily discounted without the articulation of any good reasons for assigning such low weight."  (Docket no. 13, p. 24.)  However, "the evaluation of an opinion from a medical source who is not an acceptable medical source . . . depends on the particular facts in each case."  20 CFR 404.1527(f).  Because Mr. Day is not an acceptable medical source, the ALJ had no duty to articulate good reasons for the weight assigned to his opinion.

Plaintiff also objects to the ALJ's evaluation of the opinion of Elaine Tripi, Ph. D., who conducted a psychosocial and employability evaluation of Plaintiff in May of 2016.  The ALJ acknowledged Dr. Tripi's opinion that Plaintiff "is not a viable rehabilitation candidate nor is he capable of sustaining substantial, gainful work activity," but gave that opinion little weight because it was "vague, based mostly upon the claimant's reported symptoms and contains no limitations that are meaningful to the disability process."  (TR 23.)  The ALJ also concluded that Dr. Tripi's

opinion was "inconsistent with the record, which indicates that the claimant is cooperative, alert and fully oriented with intact thought processes." (*Id.*)  Review of Dr. Tripi's statement confirms that her opinion is based on Plaintiff's self-reported symptoms. (TR 1127-29.)  Moreover, the ALJ correctly observed that Dr. Tripi's opinion fails to describe the particular functional limitations that make Plaintiff "unemployable." (*Id.*)

For the reasons set forth above, the ALJ properly analyzed the opinions of Mr. Day and Dr. Tripi.

### 3. *Listing 12.15*

Lastly, Plaintiff contends that the ALJ erred by failing to consider whether he had post-traumatic stress disorder that met or medically equaled Listing 12.15.  (Docket no. 13, p. 25.)

In her decision, the ALJ analyzed whether Plaintiff met Listing 12.04 (Depressive, Bipolar and Related Disorders) and 12.06 (Anxiety and Obsessive-compulsive Disorders), but did not expressly address Listing 12.15.  (TR 18-19.)  As Defendant observes, Listing 12.15 became effective on January 17, 2017, and "prior to that time, PTSD was considered under Listing 12.06." (Docket no. 15, p. 11.)

Because Listing 12.15 became effective while Plaintiff's claim was pending, the ALJ should have evaluated Plaintiff's PTSD under that listing.  However, Plaintiff offers no evidence demonstrating that this error affected the outcome of his claim.

The ALJ evaluated Plaintiff's impairments under Listings 12.04 and 12.06, both of which contain "paragraph B" and "paragraph C" criteria identical to those provided by Listing 12.15.  In particular, in order to meet any of these listings, Plaintiff must demonstrate either:

> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
>
> 1. Understand, remember, or apply information.

    2. Interact with others.

    3. Concentrate, persist, or maintain pace.

    4. Adapt or manage oneself.

OR

C.  Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:

    1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder; and

    2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life.

20 CFR Part 404, Subpart P, Appendix 1.

The ALJ determined that Plaintiff's impairments did not meet the "paragraph B" criteria because Plaintiff had only moderate limitations in the four listed areas of mental functioning. (TR 18-20.) Likewise, the ALJ concluded that the evidence of record failed to establish the presence of the "paragraph C" criteria. Despite Plaintiff's blanket assertion that he meets "every factor" of the "paragraph B" criteria, Plaintiff offers no substantive evidence to refute the ALJ's analysis of Listings 12.04 and 12.06.

Accordingly, the ALJ's determination not to evaluate Plaintiff's limitations under Listing 12.15 was a harmless error. *See Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 654–55 (6th Cir. 2009) ("[W]e review decisions of administrative agencies for harmless error.")

## VI. CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 13) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 15) be **GRANTED**, and that the case be dismissed in its entirety.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 22, 2018        s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: August 22, 2018        s/ Leanne Hosking
                                      Case Manager