UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SETH MICHAEL OLSON,

        Plaintiff,                    Case No. 17-cv-13441

v.                                         Paul D. Borman
                                         United States District Judge
COMMISSIONER OF
SOCIAL SECURITY,                    Mona K. Mazjoub
                                         United States Magistrate Judge

        Defendant.
_____/

**<u>OPINION AND ORDER:
(1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 17);
(2) ADOPTING THE REPORT AND RECOMMENDATION OF
MAGISTRATE JUDGE MONA K. MAJZOUB (ECF NO. 16);
(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(ECF NO. 13); and
(4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(ECF NO. 15);</u>**

On August 22, 2018, Magistrate Judge Mona K. Mazjoub issued a Report and Recommendation addressing the outstanding motions in this action. (ECF No. 16, Report and Recommendation.) In the Report and Recommendation, the Magistrate Judge recommended that this Court deny Plaintiff's March 5, 2018 Motion for Summary Judgment (ECF No. 13), grant Defendant's May 3, 2018 Motion for Summary Judgment (ECF No. 15), and dismiss the case in its entirety.

Now before the Court are Plaintiff's Objections to the Report and Recommendation. (Pl.'s Obj., Sep. 4, 2018, ECF No. 17,) Defendant filed a timely

Response. (Def.'s Resp., Sep. 14, 2018, ECF No. 18.) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court will reject Plaintiff's Objections and adopt the Magistrate Judge's Report and Recommendation.

## I. BACKGROUND

The findings of the Administrative Law Judge ("ALJ") and the pertinent portions of the Administrative Record are accurately and adequately cited to in the Report and Recommendation. There are no material inconsistencies with these accounts and the Court incorporates those factual recitations here. (Report and Recommendation at PgID 1261, ECF No. 16, Transcript of Social Security Proceedings at 17-28 (hereinafter "Tr. at ___").) The following summary contains only the facts essential to the Court's evaluation of Plaintiff's objections.

On June 21, 2017 Plaintiff appeared with a representative and testified at a hearing before ALJ Michelle Whetsel. (Tr. at 15.) On July 12, 2017, ALJ Whetsel issued an unfavorable decision on Plaintiff's claims. (Tr. at 12.)

The ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease, degenerative joint disease, depression and anxiety." (Tr. at 18.) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or

2

combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR §404.1567(b), but with the following limitations:

- Plaintiff is unable to climb ladders, ropes or scaffolds and may occasionally climb ramps and stairs;

- Plaintiff can occasionally balance, stoop, kneel, crouch, and crawl and can occasionally operate foot controls bilaterally;

- Plaintiff is able to remember and follow simple but not detailed instructions, can perform the tasks assigned, but not always at production rate pace; however, he can meet end of workday goals; and

- Plaintiff is able to tolerate occasional contact with co-workers, supervisors and the general public and can occasionally adapt to rapid changes in the workplace.

(Tr. at 20-21.)

On the basis of this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that a person with Plaintiff's RFC could perform the requirements of Plaintiff's past relevant work as a sales attendant. (Tr. at 27.) Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since the alleged onset date. (Tr. at 28.)

Plaintiff requested review of ALJ Whetsel's decision by the Appeals Council, which was denied on August 24, 2017. (Tr. at 576-78.) On October 23, 2017,

Plaintiff commenced this action for judicial review. (ECF No. 1.) The Court referred all non-dispositive motions to the Magistrate Judge on October 25, 2017. (ECF No. 4.)

The Parties filed cross motions for summary judgment (Def.'s Mot. for Summ. J. Mar. 3, 2018, ECF No. 13; Pl.'s Mot. for Summ. J. Aug. 22, 2018, ECF No. 15).

In the Report and Recommendation on the cross motions (ECF No. 16), the Magistrate Judge recommended that the Court deny Plaintiff's Motion for Summary Judgment, and grant Defendant's Motion for Summary Judgment. Although the Magistrate Judge comprehensively addressed all of the issues raised by the Parties, Plaintiff raised three objections: (1) the Magistrate Judge did not properly weigh the evidence from the Veterans Administration ("VA") determination(s); (2) the ALJ was obligated to explain the weight given to the opinions of Todd Day, MA, LLPC, and Elaine Tripi, Ph.D.; and (3) the Magistrate Judge's conclusion that the ALJ's failure to evaluate Listing 12.15 was "harmless error" was incorrect. (ECF No. 17.)

## II. STANDARDS OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a

timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks omitted). A general objection, or one that merely restates arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination "without explaining the source of the error" is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h)); *see also Cutlip v. Sec't of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v.*

*Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the SSA supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

This Court does not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247; *see also Cruse v. Comm'r*

*of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

### III. ANALYSIS

**A. Objection One**

Plaintiff first objects to the weight the ALJ accorded the disability determination of the Veterans Administration ("VA"). There is much ado by Plaintiff as to whether the ALJ considered the VA's 40 percent disability rating versus the later 70 and 80 percent ratings. (Pl.'s Obj., ECF No. 17, PgID 1271.) Plaintiff comments in a footnote to his Motion for Summary Judgment, however, that the 80 percent determination letter was reviewed by the ALJ at the hearing, so the ALJ was clearly aware of the most recent 80 percent determination. (Pl.'s Mot. for Summ. J., ECF No. 13, PgID 1229 n. 2.) Regardless, Plaintiff's primary contention is the fact that the ALJ assigned the VA determination "little weight" without explanation.

The ALJ was not required to provide "good reasoning" as to why he assigned little weight to the VA determination as that requirement applies only to a treating source. 20 CFR §404.1527. Plaintiff fails to recognize that not only is 20 CFR

7

§404.1527 inapplicable to the VA determination, but under 20 CFR §404.1504 and now-rescinded Social Security Ruling 06-03p, decisions from other governmental agencies about whether an individual is disabled is not binding on the ALJ. The ALJ is required to "consider" such decisions but because other agencies use different rules and standards for determining disability, the relevancy of those decisions is limited. *Id.* The ALJ should explain the consideration given, which ALJ Whetsel did in her decision – the determination was of little relevance because of the agencies' differing standards. (Tr. at 25.) Moreover, as the Magistrate Judge noted, the VA determination was "not accompanied by reasoned explanations analyzing Plaintiff's functional capabilities." (Report and Recommendation, ECF No. 16, PgID 1265.) The ALJ followed the applicable rules and regulations when considering the VA determination, and, further, Plaintiff was not denied due process as claimed in his first objection. Accordingly, the first objection is overruled.

**B. Objection Two**

Plaintiff's second objection is similar to his first objection in that he argues that the ALJ failed to provide good reasons for assigning little weight to Todd Day, MA, LLPC, and Elaine Tripi, Ph.D. (Pl.'s Obj. ECF #17, PgID 1273-74.) Plaintiff cites 20 CFR §404.1527(f)(1) and (2) in support of his argument. That regulation, however, does not require the ALJ to provide good reason for the weight assigned

8

to Mr. Day's opinion because he was not an acceptable medical source under 20 CFR §416.913(a). As noted by the Magistrate Judge, the ALJ considered the opinion of Mr. Day but found that it was unsupported by the remainder of the record. (Tr. at 26.)

Nor did 20 CFR §404.1527(f)(1) and (2) require the ALJ to "explain the weight given" to Dr. Tripi's opinion, a non-treater who performed a singular evaluation of Plaintiff. 20 CFR §404.1527(c)(2). The ALJ considered Dr. Tripi's opinion and assigned it little weight because it was inconsistent with the remainder of the record, based on Plaintiff's self-reported, subjective allegations, and did not describe or provide the basis for any particular functional limitations that purportedly rendered Plaintiff unemployable. (Tr. at 23.)

Thus, the second objection is overruled.

**C. Objection Three**

Plaintiff argues that the ALJ's failure to consider Listing 12.15 for the Impairment of PTSD, which came into effect on January 1, 2017 during the pendency of Plaintiff's claim, was not harmless error. 81 FR 66138-01 (Pl.'s Obj. ECF No. 17, PgID 1275.) Plaintiff points to *Gushen v. Comm'r of Soc. Sec.*, No. 16-cv-10003, 2017 WL 1807605 (E.D. Mich. Feb. 23, 2017) for the proposition that the criteria of Paragraph B must be analyzed separately in light of certain Impairments.

In *Gushen*, the ALJ did not perform a separate Paragraph B analysis for the plaintiff's depression (12.04), anxiety (12.06) and somatoform disorders (12.07). *Id.* at *3-4. The plaintiff argued that the somatoform disorder should have been considered separately from his depression and anxiety. *Id.* The district court, rejecting the recommendation of the magistrate judge, found that the 12.07 Listing required a separate Paragraph B analysis because anxiety and depression manifested with emotional symptoms, which imposed certain Paragraph B limitations, while somatoform disorders manifested with *physical* symptoms, which imposed different paragraph B limitations. *Id.* at *5. The court concluded that "the ALJ's Paragraph B analysis for Listings 12.04 and 12.06 – which focused only on limitations caused by mental/emotional symptoms – was not necessarily an effective substitute for an analysis under Paragraph B of Listing 12.07." *Id.* at *6.

Here, Plaintiff does not argue that PTSD, Listing 12.15, presents symptoms so different from those imposed by anxiety and/or depression that the joint analysis was beyond harmless error. Notably, Plaintiff does not argue that Listings 12.04 and 12.06, Listings that also have different criteria, required separate analyses. In *Gushen*, there was a question of physical versus emotional symptoms that merited separate application of the Paragraph B criteria, which is not the case here. Indeed, until January 1, 2017, PTSD was considered a subset of anxiety and analyzed with

the same criteria. 81 FR 66138-01. Accordingly, the Magistrate Judge was correct when concluding that the ALJ's failure to consider whether Plaintiff's symptom's met the criteria for PTSD Listing 12.15 was harmless error.

Therefore, objection three is overruled.

## IV. Conclusion

For all of the reasons stated above, the Court hereby:

- OVERRULES Plaintiff's Objection (ECF No. 17);

- ADOPTS the Report and Recommendation of Magistrate Judge Mona K. Majzoub (ECF No. 16);

- DENIES Plaintiff's Motion for Summary Judgment (ECF No. 13); and

- GRANTS Defendant's Motion for Summary Judgment (ECF No. 15);

IT IS SO ORDERED.


Dated: March 27, 2019          s/Paul D. Borman
                               Paul D. Borman
                               United States District Judge